**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| H. RICHARD WINN<br>150 East 69th Street -Apt. 29J<br>New York, NY 10021<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001<br><br>Defendant. | Civil Action No.____________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, ("Privacy Act"), 5 U.S.C. § 552(a) as well as agency FOIA regulations, challenging the failure of the United States Department of Justice ("Justice") to fulfill the requests of Dr. H. Richard Winn for documents concerning himself.

2. This case seeks declaratory relief that defendant is in violation of the FOIA and Privacy Act for failing to fulfill plaintiff's requests for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA and the Privacy Act.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff H. Richard Winn ("Winn") is a citizen of New York. Dr. Winn was investigated by the Federal Bureau of Investigation ("FBI") from 1990 to 2002 while he was the chair of the Department of Neurological Surgery at the University of Washington.

5. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component of Justice. Defendant Justice, through its component, the FBI is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA request of H. Richard Winn.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill

the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

12. By letter dated March 30, 2015, Dr. Winn sent a FOIA/Privacy Act request to the FBI seeking copies of all records concerning himself. Dr. Winn

13. By letter dated April 2, 2015, the FBI acknowledged plaintiff's request and assigned it number1325442-000.

14. By letter dated July 14, 2015, the FBI notified plaintiff that it had located approximately 4000 pages potentially responsive to his request. The FBI asked plaintiff to indicate whether it would like the responsive material released on compact discs or on paper.

15. By letter dated July 9, 2015, the FBI also notified plaintiff that "unusual circumstances" applied to his request which would delay the FBI's ability to make a determination on his request.

16. By letter sent on August 9, 2015 via Federal Express (and by facsimile on August 10, 2015), Dr. Winn indicated that he sought the material released to him to be released on compact discs. Dr. Winn also promised to pay up to $115 for this material.

17. As plaintiff did not receive a reply to his March 30, 2015 request, he submitted a second request to the FBI on March 21, 2016 for records pertaining to himself.

18. By letter dated April 22, 2016, the FBI responded to plaintiff's March 21, 2016 letter by stating that his original request was in the FBI's "perfected backlog." The FBI stated that he could narrow the scope of his request to accelerate the process. However, the FBI provided no further details about the records responsive to plaintiff's request.

19. On April 4, 2017, by the FBI's electronic portal, plaintiff submitted a third request for records pertaining to himself. Plaintiff sought a fee waiver as he sought the materials for a memoir on his career and he included examples of his being a published author.

20. Plaintiff received an electronic acknowledgment of the April 4, 2017 electronic request.

21. Plaintiff has not received any records pursuant to his FOIA requests as of the date of this complaint.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23. Plaintiff submitted requests that reasonably described the records sought and was made in accordance with Justice's published rules.

24. In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

25. Therefore, defendant has violated the FOIA's mandate to search for responsive records. 5 U.S.C. §552(a)(3)(D).

26. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
### (Failure to Produce Records Under the FOIA)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs.

28. Plaintiff properly asked for records within defendant's control.

29. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

30. Defendant has not produced all the records responsive to plaintiff's FOIA requests.

31. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendant has violated the FOIA by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests;

(2) Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendant to release all records responsive to plaintiff's FOIA request;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

5/5/17

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833

Attorney for Plaintiff